# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 1:07 mj 240 WMW |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER DENYING DEFENDANT'S MOTION FOR PRETRIAL DIVERSION |
| | ) | |
| JORGE SERVIN CERVANTES, | ) | |
| | ) | (Document 7) |
| Defendant. | ) | |

## I. INTRODUCTION

Pending before the court is Defendant's Motion for Petition for Pretrial Diversion filed on January 4, 2008. The government filed a brief on January 4, 2008. Defendant filed a reply on January 25, 2008. The government also filed oppositions on January 25, 2008, and March 19, 2008. A hearing was held on April 23, 2008. Upon consideration of all the pleadings and arguments in this case, Defendant's Motion is denied.

## II. BACKGROUND

On September 7, 2007, a park ranger at Yosemite National Park ("park"), arrested Defendant for being in a public place while under the influence of alcohol in violation of 36

C.F.R. § 2.35(c).[1]  On October 9, 2008, the Defendant pled guilty to the charge.  He has requested pretrial diversion pursuant to Cal. Pen. Code §§ 1001.51-1001.55.[2]  Defendant argues that he is eligible for this sentence based on the Assimilative Crimes Act (ACA) which permits the application of state law punishments in federal enclaves.  The government opposes pretrial diversion and recommends that the Defendant be sentenced to a fine, two days in jail with credit for two days already served, and six months of unsupervised court probation.

### III. LEGAL ANALYSIS

Presence in the park area when under the influence of alcohol to a degree that may endanger oneself or another person, or damage property or park resources is prohibited ("UIA" or "being under the influence of alcohol").  36 C.F.R. § 2.35(c).  Congress delegated the authority to the Secretary of the Interior to promulgate regulations criminalizing this offense:

> The Secretary of the Interior shall make and punish such rules and regulations as he may deem necessary or proper for the use and management of the parks, monuments, and reservations under the jurisdiction of the National Park Service, and any violation of the rules an regulations authorized by this section and sections 1,2,  and 4 of this title shall be punished by a fine of not more than $500 or imprisonment for not exceeding six months or both and be adjudged to pay all costs.
>
> 16 U.S.C. § 3.

36 CFR § 1.3(a) requires that this offense be punished by a fine as required by law, or by imprisonment not exceeding six months.[3]

Congress has also adopted the Assimilative Crimes Act ("ACA") which provides that state offenses and punishments may be applicable in federal enclaves in some circumstances:

> Whoever within ... or on, above, or below any portion of the territory, possession, of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission *which although not made punishable by any enactment of Congress,*

---

[1] Defendant was arrested after the Ranger responded to a call from a security officer that he observed a vehicle had nearly hit Defendant. Upon arriving at the scene, the Ranger noted that Defendant's eyes were bloodshot and watery, his speech was slurred, and that he was unable to walk a straight line. (Doc. 1).

[2] The court refers to pretrial diversion and deferred entry of judgment interchangeably in this order.

[3] UIA is a petty offense, class B misdemeanor, requiring a maximum punishment of six months imprisonment and a fine up to five thousand dollars. 18 U.S.C. § 3559.

>  *would be punishable* if committed or omitted within the jurisdiction of the of the State .. in which such place is situated ... shall be guilty of a like offense and subject to a like punishment.
> 18 U.S.C. § 13(a). (emphasis added).

Defendant argues that the court can grant pretrial diversion under California law pursuant to the ACA. Specifically, he contends that 36 CFR § 1.3(a), authorizing punishment up to a maximum of six months, can only be constitutional if it is within Congress' policy of conformity with local punishment as defined through the regulations and statutory authority outlined above. As a result, the only constitutional interpretation of 36 C.F.R. § 1.3(a), is that, local punishment is within the discretion of the court, as long as the punishment does not exceed six months.[4] The court disagrees because Defendant's reasoning relies on a misapplication of the ACA.

Defendant cites two Ninth Circuit cases for the proposition that state pretrial diversion is consistent with Congress' policy of conformity with local punishment. United States v. Sylve, 135 F. 3d 680, 683 (9th Cir. 1997) (Court applied Washington deferred prosecution statute for drunk driving prosecution); United States v. Bosser, 866 F. 2d 315, 316 (9th Cir. 1989) (Hawaii deferred prosecution statute applied in forgery offense).[5] However, in those cases, Defendants were charged with state law violations pursuant to the ACA. The ACA does not apply in this case because Defendant has been charged with violating federal regulations, not state laws and the ACA. Even assuming that the ACA could apply in a case where only a regulation is charged, Defendant's arguments still fails.[6]

The Ninth Circuit has held that "the purpose of the ACA is to conform the criminal law of federal enclaves to that of the local law *except in those instances which a specific federal law has*

---

[4] Defendant contends that an interpretation of the regulation which precludes the implementation of Congress' policy of conformity with local punishment violates Article I §1 of the constitution, and due process of the Fifth Amendment, and is also contrary to Supreme Court authority.

[5] Defendant also cites two other cases where Defendants were sentenced to diversion pursuant to Washington State Law, however, in those cases, Defendants were charged with state offenses pursuant to the ACA. United States v. Delaughter, 2006 WL 1638823 (W.D.Washington 2006) and United States v. Reeff, 2006 WL 1638755 (W.D. Washinton, 2006).

[6] Defendant has also cited United States v. Burke, 2006 WL 1030214 (W.D. Washington, 2006), in which Defendant was sentenced to deferred prosecution after being charged with UIA within a federal enclave pursuant to a federal regulation. The court notes this case is not binding authority, nor is it clear from the record whether the government opposed the sentence as it has in the instant case.

1  *been set forth*." (emphasis added).  United States v. Palmer, 956 F. 2d 189, 191 (9th Cir. 1992)
2  (citation omitted).  The court stated,  "Although we interpret the Act broadly to assimilate a state
3  criminal statute *unless "the precise conduct it prohibits is made penal by the federal law,* the Act
4  *does not serve* as a vehicle under which a state statute affixing punishment ... [may] lessen or
5  enlarge a federal penal offense." (Citations omitted).   Thus, the Assimilative Crimes Act applies
6  only if the criminal conduct is not addressed by federal authority and the punishment does not
7  diminish or broaden a federal penal offense.
8         The Supreme Court recently addressed the parameters of the ACA and articulated a two-
9  part test in determining whether the ACA assimilates a state law.  United States v. Lewis, 523
10 U.S. 155, 165 (1998).[7]  First,  a court must ask whether the defendant's act or omission is made
11 punishable by any enactment of Congress. If the answer is no, the ACA would assimilate the
12 statute.  Id. However, if the answer is yes, the court must ask whether the federal statutes that
13 apply precludes an application of the state law in question.  Id. Specifically, would the application
14 interfere with the achievement of a federal policy, because the state law would effectively rewrite
15 an offense definition that Congress carefully considered, or because federal statutes reveal an
16 intent to occupy so much of the field as would exclude use of the particular state statute at issue.
17 (Emphasis added) Id. (Citations omitted).  The court noted that, "[i]t seems fairly obvious that the
18 Act *will not apply* where both state and federal statutes seek to punish approximately the same
19 wrongful behavior - where differences among elements of the crimes reflect jurisdictional, or
20 other technical, considerations, or where differences amount only to those of name, definitional
21 language, *or punishment*." (Emphasis added)  United States v. Lewis, 523 U.S. at 165, citing
22 United States v. Adams, 502 F. Supp. 21, 25 (S.D. Fla. 1980) (misdemeanor/felony difference did
23 not justify assimilation).
24        In this case, Congress has clearly criminalized being under the influence of alcohol in the
25 park and has authorized that the punishment should be up to six months imprisonment and a fine.
26 16 U.S.C. § 3; 36 C.F.R. 1.3(a).  Pretrial diversion or deferred entry of judgment is not provided
27 for under either of these statutory or regulatory directives.  Similarly, there is no statutory
28

---

[7] The Defendant in U.S. v. Lewis  was charged with murder pursuant to Louisiana law and the ACA.

1 authority for the court to order deferred entry of judgment under Rule 58 which governs
2 misdemeanor and petty offenses brought before magistrate judges.  Moreover, this sentencing
3 alternative is not a condition of probation under Federal Criminal Procedure Rules.  Conditions of
4 probation set out mandatory conditions and discretionary conditions.  18 U.S.C. § 3563.  The
5 terms of discretionary conditions include twenty-three terms that a court may provide as further
6 conditions of a sentence of probation.  Notably,  pretrial diversion, or deferred entry of judgment
7 are not on the list.  18 USC § 3563 (b).
8      In fact, when Congress intended that deferred entry of judgment is a sentencing alternative,
9 it has specifically provided for it in the statute.  Congress has made it clear that deferred entry of
10 judgment is permissible pursuant to 18 U.S.C. § 3607, and only for certain specified crimes, and
11 then only under limited conditions.  In cases falling under this section, a defendant charged with
12 possession of a controlled substance pursuant to 21 U.S.C. § 844, can be placed on probation for a
13 period of one year without entry of judgment.  If defendant successfully fulfils the terms of the
14 probationary period, the action is dismissed at the end of the year without entering a judgment of
15 conviction.  Defendant relies on U.S. v Barial, 31 F. 3d 216 (4th Cir. 1994) in which the court
16 upheld a sentence of diversion over the government's objection.  However, in Barial, the
17 defendant had been convicted of possession of a controlled substance in federal parks.   This
18 regulation contained nearly identical language as simple possession of a controlled substance
19 pursuant to 21 U.S.C. § 844, in which deferred entry of judgment was authorized under section
20 3607.  In the instant case, Defendant has pled guilty to being under the influence of alcohol.  If
21 Congress had intended that deferred entry of judgment was a possible sentencing alternative for
22 this offense, it would have clearly specified this option in the applicable statutory and/or
23 regulatory sentencing provisions.
24      Finally, in Lewis v. U.S., the Supreme court found that if federal law applies to the
25 underlying offense, the defendant should be sentenced in accordance with federal law. ("If the jury
26 had found petitioner guilty of second degree murder under federal law, the district court would
27 have been required to utilize the Sentencing Guideline provisions application to that offense").
28 Lewis v. U.S., 523 U.S. at 172-173. In this case, because the conduct at issue is clearly

criminalized by federal law, federal punishment should apply. A state statute should not be used as a device to enlarge punishment options that Congress did not intend. Given the absence of this sentencing alternative in the relevant regulatory and statutory authority, coupled with the fact that Congress has specifically carved out instances where deferred adjudications should apply which does not include this offense, it is clear that Congress intended to exclude pretrial diversion as a sentencing alternative for a violation of 36 C.F.R. § 2.35(c).

## IV. CONCLUSION

For the reasons discussed above, Defendant's Motion for Pretrial Diversion is Denied. Upon considering the circumstances of the offense and the factors set forth in 18 U.S.C. § 3553, Defendant is sentenced to two days in jail with credit for two days already served, and a $10.00 special assessment.

Accordingly, IT IS HEREBY ORDERED :

    1) Defendant's Motion for Pretrial diversion is DENIED;

    2) Defendant is sentenced to two days in jail with credit for time served; and

    3) Defendant shall pay a $10.00 special assessment.

IT IS SO ORDERED.

Dated:   **July 1, 2008**          /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE